IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MICHAEL ADKINS, et al., )
)
           Plaintiffs, )
)
v. )
)
THOMAS JAMES VILSACK, Secretary, )
The United States Department of Agriculture, )
et al., )
)
           Defendants. )  Civil Action No. 1:15-CV-169-C

## **ORDER**

In the Report and Recommendation ("R&R") filed October 6, 2016, the United States Magistrate Judge recommends that the Court reverse the decision to delay implementation of the Actual Production History ("APH") Yield Exclusion for the 2015 crop year for winter wheat and that this matter be remanded for further proceedings consistent with the recommendation. Defendants filed their Objections to the R&R on October 20, 2016, and Plaintiffs filed their Response to Defendants' Objections on November 3, 2016. The Court fully considered the R&R, the Objections, and the Response.[1]

After a de novo review of the record, the arguments of the parties, and the thorough and well-reasoned R&R, the Court finds the recommendations of the Magistrate Judge to be correct.

---

[1] The Court need not repeat the factual background and history of the statutory provisions as issue, the ensuing regulations, and the basic federal crop insurance program. They may be reviewed where they are repeated multiple times in the administrative record, the parties' briefing, and the R&R. At any rate, the basic facts and background are not in dispute. The issue presented to the Court is merely a matter of law and statutory construction.

Thus, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge contained in the R&R as the findings and conclusions of the Court.[2]

In so doing, the Court has considered and **OVERRULES**, for the reasons stated by the Plaintiffs in their Response, each of the Defendants' Objections: (1) the R&R does not follow the legal standard for review of the U.S. Department of Agriculture National Appeals Division ("NAD") decision; (2) the interpretation of a regulation (Interim Final Rule) is involved; (3) Congress did not speak directly on the issue of applicability of 7 U.S.C. § 1508(g)(4); (4) section 11009 is not self-executing; and (5) § 1508(g)(4) is ambiguous. Specifically, the Court finds that the NAD decision was erroneous in that it failed to recognize § 1508(g)(4)(A)'s effect on implementation for the 2015 winter wheat crop year.[3] Congress chose to leave the applicability provision in place thereby making it self-executing and immediate for the APH Yield Exclusion.[4] The NAD Director's Decision strains beyond the plain meaning of § 1508(g)(4), as amended, to create an ambiguity where this Court finds that none exists.

---

[2]The Court granted Defendants' Motion for Reconsideration, filed after the prior ruling by this Court, which ruling was vacated on reconsideration.

[3]Section 1508(g) is contained in the Federal Crop Insurance Act, which was amended by the 2014 Farm Bill – as discussed by the NAD Director in the Background section of his findings and by the parties in their briefing. (Admin. R. at 220.)

[4]The issue was discussed in committee at the time of the Farm Bill's passage, as cited by the parties in their briefs. While the development of actuarial documents to provide for an APH Yield Exclusion for 2015 winter wheat might create a practical difficulty, as noted by the NAD Director, eleven other crops were made eligible by October 2014, and the record contains no explanation as to why the preparation and supporting data were able to be completed on these other crops and not for winter wheat. (NAD Director's Decision, p. 19 at n.16.) The record simply indicates that the work was not completed for winter wheat.

As found by the Magistrate Judge in the R&R, "the unamended § 1508(g)(4)(A) already contained a provision that would make paragraph (4) entirely applicable to the 2015 crop year[, and] [n]o further Congressional direction was necessary to effect an intent that paragraph (4)(C) be implemented for that crop year." Further, "[i]n light of the February 2014 enactment date of the Farm Bill and resulting amendments and the already existing applicability provision of § 1508(g), Congress had ample reason to intentionally omit any implementation language from section 11009 that it included in the other provisions of the Farm Bill." (R&R at 15-16.)

Moreover, as argued by the Plaintiffs and noted in the R&R, the fact that Congress chose to include specific application/implementation language for other crops and yet stay silent as to winter wheat indicates a direct intention to allow the governing and existing statutory law to be applicable as to the implementation of the APH Yield Exclusion for the 2015 winter wheat crop. Or, put differently, the silence on timing in section 11009 shows an intent by Congress that section 11009 – differing from sections 11003, 11007, 11010, 11015, and 11017 – be self-executing.

As succinctly stated in the R&R, the existing applicability of § 1508(g)(4)(A) was not ambiguous. The Risk Management Agency's interpretation, and the NAD Director's deference thereto, cannot stand in opposition to a congressional statute directing otherwise.[5]

---

[5]The Court has considered and understands the reasoning behind the NAD Director's analysis found in pages 230-237 of the record (explaining the difficulty that immediate implementation of section 11009 created), but the Defendants' arguments relating to actuarial data, county averages, irrigated/non-irrigated acreage, and insuring rates are not persuasive. Congressional silence on enacting a different date for section 11009 presumes self-execution of the provision.

3

Accordingly, the Court finds that the final decision of the National Appeals Division was arbitrary, capricious, or otherwise not in accordance with law and the decision should be set aside. The Court **REVERSES** the decision to delay implementation of the APH Yield Exclusion for the 2015 crop year for winter wheat and **REMANDS** this matter for further proceedings consistent with the Report and Recommendation of the United States Magistrate Judge as adopted by this Order.

SO ORDERED this 12th day of May, 2017.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE